Filed 10/17/22  P. v. Vasquez CA2/6

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>MIGUEL ANGEL VASQUEZ,<br><br>    Defendant and Appellant. | 2d Crim. No. B315878<br>(Super. Ct. No. 2021018988)<br>(Ventura County) |

Miguel Angel Vasquez purports to appeal from the sentence imposed after he pled guilty to being a felon in possession of a firearm and in possession of ammunition.  (Pen. Code, §§ 29900, subd. (a)(1), 30305 subd. (a)(1).)[1]  Vasquez was on bail at the time of the offense.  (§ 12022.1, subd. (b).)  The trial court sentenced him to an aggregate term in prison of seven years, four months, imposing consecutive terms for possession of the firearm and of the ammunition, plus a two-year term for the on-bail enhancement.

---

[1] All further statutory references are to the Penal Code.

Appellant contends the term imposed for possession of ammunition should have been stayed pursuant to section 654 because all of the ammunition he possessed was loaded in the firearm. (See, e.g., *People v. Sok* (2010) 181 Cal.App.4th 88, 100 [sentence for possession of ammunition stayed under section 654 where ammunition was either loaded into unlawfully possessed firearm or fired from it].)

Respondent contends the appeal should be dismissed because appellant failed to obtain a certificate of probable cause. (§ 1237.5, subd. (b).) We agree. This appeal challenges the validity of appellant's plea because he contends the trial court lacked authority under section 654 to impose the agreed-upon sentence. Because he is challenging the validity of his plea, appellant was required to obtain a certificate of probable cause. He did not. This appeal must be dismissed.

*Facts and Procedural History*

Police stopped a vehicle being driven by appellant. One of the passengers was on probation. Police searched the vehicle pursuant to search terms applicable to the passenger and found a loaded firearm in the vehicle's center console.

At the time of his arrest on these charges, appellant had one prior felony strike conviction and was awaiting sentencing in two other cases in which he had entered guilty pleas. In *People v. Vasquez* (Super. Ct. Ventura County, 2021, No. 2020029377), appellant pleaded guilty to two felonies, assault with a deadly weapon (§245, subd. (a)(1)) and vandalism. (§594, subd. (b)(2)(A).) In *People v. Vasquez* (Super. Ct. Ventura County, 2021, No. 2020033828), appellant pleaded guilty to two misdemeanors, resisting an officer (§148, subd. (a)(1)) and violation of a protective order. (§273.6, subd. (a).)

2

In the instant case, appellant was charged with both unlawful possession of a firearm and unlawful possession of ammunition. He pled guilty to both offenses. The felony disposition statement signed by appellant stated, "My attorney has explained to me the direct and indirect consequences of this plea, including the maximum possible sentence. I understand that the following consequences could result from my plea: [¶] I could be sentenced to the state prison for a maximum possible term of 11 years and 4 months."

At the sentencing hearing, the trial court imposed the middle term of two years for the firearm possession count, doubled to four years because of appellants' prior strike conviction. It imposed a consecutive term of 16 months for the ammunition possession count, consisting of one-third the middle term doubled based on appellant's prior strike conviction. Finally, the trial court imposed a consecutive two-year enhancement term because appellant was on bail at the time of the offense. (§ 12022.1, subd. (b).) Appellant's aggregate sentence was seven years and four months.

At the same hearing, the trial court reduced the felony assault in case no. 2020029377 to a misdemeanor and imposed two 90-day terms in county jail to run concurrently with the term imposed in this case. It imposed the same sentence – two 90-day terms in county jail to run concurrently with the sentence imposed in this case – in case no. 2020033828.

After appellant filed his notice of appeal, the trial court denied his request for a certificate of probable cause. Respondent filed a motion to dismiss the appeal based on appellant's failure to obtain a certificate of probable cause. We

deferred resolution of the motion to dismiss pending completion of briefing.

*Discussion*

Section 1237.5 precludes an appeal from a judgment of conviction after a guilty plea unless the defendant has filed a statement in the trial court showing "reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings," and the trial court has filed a "certificate of probable cause for such appeal." (*Id.*, subds. (a), (b).) A certificate of probable cause is not required, however, where the appeal raises "issues regarding proceedings held subsequent to the plea for the purpose of determining the degree of the crime and the penalty to be imposed." (*People v. Panizzon* (1996) 13 Cal.4th 68, 74.)

A defendant who pleads guilty and agrees to a maximum sentence may not file an appeal challenging the trial court's legal authority to impose the maximum sentence without first obtaining a certificate of probable cause. (*People v. Shelton* (2006) 37 Cal.4th 759, 763 (*Shelton*).) As the court explained in *Shelton*, "[T]he specification of a maximum sentence or lid in a plea agreement normally implies a mutual understanding of the defendant and the prosecutor that the specified maximum term is one that the trial court may lawfully impose and also a mutual understanding that, absent the agreement for the lid, the trial court might lawfully impose an even longer term." (*Id.* at p. 768.) A claim that a sentence imposed within the parameters of a plea agreement nevertheless violates section 654 challenges the validity of the plea because it is an assertion that the court lacked authority to impose the agreed-upon sentence. (*Shelton, supra,* at p. 763; see also *People v. Hester* (2000) 22 Cal.4th 290,

4

295 [acceptance of a plea bargain is an implicit waiver of section 654 rights].)

Appellant contends that he did not make an agreement with the prosecutor before entering his guilty plea; he simply pled guilty to both charges. Although he was informed of the maximum possible sentence for his offenses, he did not make any agreement regarding the sentence that could be imposed. Because there was no plea agreement and no agreed upon maximum sentence, appellant contends he was not required to obtain a certificate of probable cause.

We are not persuaded. The felony disposition statement that appellant signed specifies a maximum sentence. Both appellant and the prosecuting attorney accepted the terms of that felony disposition statement when appellant entered his guilty plea. Appellant acknowledged he could be sentenced to state prison for a maximum possible term of 11 years, 4 months. His sentence of 7 years, 4 months is well within that maximum term. In addition, it is reasonable to infer that appellant's sentence here was the product of a negotiated plea because he also received sentencing consideration in two other cases, where felonies were reduced to misdemeanors and county jail terms were imposed to run concurrently with the sentence in this case.

Because the sentence imposed was below the maximum term specified in appellant's felony disposition statement, we conclude the issue raised by appellant is a challenge to the validity of his plea. In the absence of a certificate of probable cause, this appeal must be dismissed. (§1237.5; *Shelton, supra,* 37 Cal.4th at p. 771.)

5

*Disposition*

The appeal is dismissed.

<u>NOT TO BE PUBLISHED.</u>

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

6

Rocky J. Baio, Judge

Superior Court County of Ventura

_____

Richard B. Lennon, Executive Director, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Kenneth C. Byrne, Supervising Deputy Attorney General, Allison H. Chung, Deputy Attorney General, for Plaintiff and Respondent.